UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LAMARTINE PIERRE JR., and JESSE GONZALEZ, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS INDUSTRIES, LTD., TEVA PHARMACEUTICALS USA, INC., TEVA PARENTERAL MEDICINES, INC., TEVA NEUROSCIENCE, INC., TEVA SALES & MARKETING, INC., and CEPHALON, INC.,<br><br>       Defendants. | Case No. 25-cv-2412-DDC-TJJ |

**ORDER DENYING WITHOUT PREJUDICE
JOINT MOTION TO CONSOLIDATE AND TO STAY**

This matter is before the Court on the parties' Joint Motion to Consolidate Cases and to Stay (ECF No. 19). Plaintiffs and Defendants jointly request the Court enter an order (1) consolidating this action with *Edgar et al. v. Teva Pharmaceuticals Industries, Ltd. et al.*, Case No. 22-cv-02501-DDC-TJJ (D. Kan.) ("*Edgar*") and (2) staying all deadlines in this case pending the transfer of a third related case, *Pennington et. al. v. Teva Pharm. Indus. Ltd. et. al.*, No. 8:25-cv-01324 (C.D. Cal.)(filed June 18, 2025) ("*Pennington*").

Fed. R. Civ. P. 42(a) governs motions to consolidate and provides:

If actions before the court involve common questions of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

The Court has "substantial discretion in deciding whether and to what extent to consolidate cases."[1] "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause."[2]

The Court has concerns with consolidating this case with the *Edgar* case. The *Edgar* case was filed approximately three years ago with considerable Phase I discovery completed to date. The Court has entered a Third Amended Phase I Scheduling Order in that case with Phase I discovery to be completed by January 16, 2026. In comparison, Plaintiffs filed this case in the Eastern District of New York on June 23, 2025, and the court transferred it to the District of Kansas on July 28, 2025. The motion indicates the parties anticipate another third case, *Pennington*, will be transferred to this Court for consolidation. Under the parties' proposal, it appears certain the current deadlines in the *Edgar* case would no longer be workable, and the motion does not address how consolidation would impact the deadlines in this case. The Court therefore denies the parties' Joint Motion to Consolidate and to Stay but without prejudice to refiling as contemplated below.

The Court sets this case for a Status Conference on **October 7, 2025 at 2:30 PM (central time)** to discuss whether this case should be consolidated with *Edgar* (and potentially the *Pennington* case) or how the cases should otherwise proceed. The Status Conference will be held by Zoom Video Conference with the Zoom link and instructions emailed by chambers to counsel of record a couple business days before the Status Conference. The parties may file a renewed motion to consolidate this case with *Edgar* (and potentially *Pennington*) prior to this Status Conference that addresses the Court's concerns noted above.

---

[1] *Hall v. Hall*, 584 U.S. 59, 77 (2018).

[2] *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008).

**IT IS THEREFORE ORDERED** that the parties' Joint Motion to Consolidate Cases and to Stay (ECF No. 19) is **denied without prejudice**.

IT IS SO ORDERED.

Dated August 29, 2025, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge